UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>                           Plaintiff,<br><br>                      vs<br><br>THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN, PEDERSON, FOX & ASSOCIATES, P.C.,<br><br>                           Defendants. | Civil Action No.:<br><br>JUDGE BAER<br><br>**COMPLAINT**<br><br>04 CV 5101 |

Plaintiff, Travelers Casualty and Surety Company as Administrator for Reliance Insurance Company (hereinafter "Plaintiff"), by and through its attorneys, Dreifuss Bonacci & Parker, LLP, brings this Complaint as against Defendants, The Dormitory Authority of the State of New York, TDX Construction Corp. and Kohn, Peterson, Fox & Associates, P.C. and alleges as follows:

## JURISDICTION AND VENUE

1. Travelers Casualty and Surety Company (hereinafter "Travelers") is incorporated in the State of Connecticut and its principal place of business is situated at One Tower Square, 4PB, Hartford, Connecticut.

2. Reliance Insurance Company (hereinafter "Reliance") is incorporated in the Commonwealth of Pennsylvania with its principal place of business situated in Philadelphia, Pennsylvania.

3. Defendant, The Dormitory Authority of the State of New York (hereinafter "DASNY"), is a governmental entity of the State of New York.

4. Defendant, TDX Construction Corp. (hereinafter "TDX"), is a New York corporation with a principal place of business situated at 121 West 27th Street, New York, New York.

5. Defendant, Kohn, Pederson, Fox & Associates, P.C. (hereinafter "KPF") is a professional corporation of the State of New York with a principal place of business situated at 111 West 57th Street, New York, New York.

6. The matter in controversy, exclusive of interest, costs and attorney's fees, exceeds $75,000.00.

7. This Court has jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) as the defendants are believed to be located in this District and the matter in controversy took place in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

9. On or about April 22, 1998, DASNY awarded a construction contract in the amount of $50,222,000.00 to Trataros Construction, Inc. (hereinafter "Trataros") referred to as "Baruch College-Site B, Package No. 1-General Construction Work, Contract No. 15, DA # 6500 1802 2176".

10. As a prerequisite to being awarding the contract, Trataros was required to and did procure performance and payment bonds with a penal sum of $50,222,000.00 naming DASNY as the obligee and Trataros as the principal.

11. On or about August 27, 1998, DASNY awarded a construction contract in the amount of $24,140,000.00 to Trataros Construction, Inc. (hereinafter "Trataros") referred to as "Baruch College-Site B, Package No. 2-General Construction Work, Contract No. 16, DA # 6500 1802 2178".

2

12. As a prerequisite to being awarded the contract, Trataros was required to and did procure performance and payment bonds with a penal sum of $24,140,000.00 naming DASNY as the obligee and Trataros as the principal.

13. Trataros procured these bonds from Reliance, which at the time was engaged in the business of writing surety bonds at the request, and on behalf, of contractors conducting business in the State of New York.

14. Travelers, which also engages in the business of writing surety bonds at the request of and on behalf of contractors conducting business in the State of New York, entered into an agreement with Reliance wherein Reliance granted Travelers a Power of Attorney to act as administrator for Reliance and as a reinsurer with respect to certain reinsured contracts and reinsured liabilities, including the contracts and liabilities relevant to this Complaint. Travelers is the real party in interest since it is the entity which has suffered, and/or in the future may suffer, the losses pursued in this matter.

15. Travelers has also entered into one or more Liquidating Agreements with one or more of the subcontractors of Trataros who have payment bond claims and were adversely impacted by the actions, breaches and/or negligence of the defendants.

## FIRST COUNT
### (Breach of Contract)

16. Travelers repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if set forth herein in their entirety.

17. Trataros has completed both of the contracts with DASNY. The building in question has been occupied and utilized by Baruch College and is fully operational. This has been true for more than two years.

18. In spite of same, Trataros was not paid the entire contract balance and retainage. Trataros is currently owed over $2,000,000.00 by DASNY as a result thereof.

19. Travelers, as Administrator for Reliance Insurance Company, is equitably subrogated to the rights of Trataros, which rights have also been assigned to Travelers by Trataros.

20. Request has been made for payment from DASNY, but DASNY has failed to make said payment.

**WHEREFORE**, Plaintiff hereby requests judgment against DASNY for:

a. Compensatory damages;

b. Costs;

c. Attorneys fees;

d. Interest; and

e. Such other relief as the Court deems just and proper.

## SECOND COUNT
### (Impact Claims of Trataros)

21. Travelers repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if set forth herein in their entirety.

22. On or about June 7, 2001, Trataros provided formal notification to DASNY of its intent to submit a claim for additional costs incurred by Trataros and its subcontractors while completing the work on the contracts to which reference is made above.

23. By letters dated September 7, 2001 and October 22, 2001, Trataros submitted its claims on behalf of itself.

24. Trataros, by means of its letter dated October 22, 2001 to Defendant TDX Construction Corp., the construction manager retained by DASNY, submitted a claim for items incurred solely by Trataros in a total amount of $3,680,212.00 which, on the assumption that Change Order 62 would be approved and paid in the amount of $724,643.00, would result in a net claim of $2,955,569.00. Trataros cited various causes for the damage including: numerous

4

differing site conditions; factors beyond the control of Trataros causing delays; the failure of the owner to take appropriate action; and faulty and/or incomplete or inaccurate contract documents.

25. As of this date, no portion of said amount has been paid.

26. Travelers, in its capacity as surety for Trataros, is entitled to equitable subrogation regarding this claim and the funds held by DASNY, and entitlement to the claim and/or the funds that should be paid has also been assigned to Travelers.

27. The factors enumerated in Paragraph 24 above, in part and/or cumulatively, were the result of gross negligence on the part of DASNY and/or its representatives.

28. The factors enumerated in Paragraph 24 above, in part and/or cumulatively, were uncontemplated by Trataros at the time it bid on the project.

29. The factors enumerated in Paragraph 24 above, in part and/or cumulatively, led to extremely unreasonable delays, which delays were attributable to the breach by DASNY and/or its representatives of a fundamental contractual obligation.

30. DASNY has acknowledged responsibility for at least some of the items set forth in Paragraph 24 by offering to pay, and/or making payment to, some subcontractors of Trataros for the impact of such conditions.

31. Travelers is entitled to payment of the above-mentioned $2,955,569.00.

**WHEREFORE**, Plaintiff hereby requests judgment against DASNY for:

a. Compensatory damages;

b. Attorneys fees;

c. Interest;

d. Costs; and

e. Such other relief as the Court deems just and proper.

## THIRD COUNT

**(Pass Through Claims)**

32.  Plaintiff, Travelers, repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if set forth herein in their entirety.

33.  Trataros also advised the owner that its subcontractors had submitted claims and/or were in the process of preparing claims for which DASNY would be liable totaling in excess of $20,000,000.00. DASNY was provided with notice of said claims in 2002.

34.  DASNY, being aware of its ultimate liability to the subcontractors, started to make partial payments to Trataros' subcontractors and/or enter into settlements with subcontractors of Trataros. DASNY also engaged in discussions with a number of the subcontractors of Trataros but was not able to reach an amicable agreement with same.

35.  DASNY is liable to pay for the claims which it agreed to pay to the extent it has not already done so.

36.  DASNY is also liable to pay Travelers for the amounts of the claims of the subcontractors of Trataros who were adversely impacted by the unforeseen site conditions, design flaws and other problems attributable to the actions, breaches and/or negligence of DASNY and/or its agents. Upon information and belief, these claims currently far exceed $10,000,000.00.

37.  DASNY should be held liable to pay all of the subcontractors of Trataros the amounts to which it has agreed to pay such subcontractors and/or for that portion of their claims for which Trataros or Travelers would be liable, which are ultimately attributable to the acts or omissions of DASNY including numerous differing site conditions, factors beyond the control of Trataros causing delays, the failure of the owner to take appropriate action, and incomplete or inaccurate contract documents.

38.     Travelers is entitled to the relief sought through equitable subrogation and an assignment by Trataros to Travelers. Furthermore at least one of said subcontractors entered into a Liquidating Agreement with Travelers.

39.     Travelers will serve as an intermediary with respect to these claims and will pay the appropriate subcontractor/supplier the amount which it recovers with respect thereto, less its costs in connection with recovery of same.

**WHEREFORE**, Plaintiff hereby requests judgment against DASNY for:

   a.   The total amount of all such claims;

   b.   Attorneys fees;

   c.   Interest;

   d.   Costs;

   e.   Such other relief as the Court deems just and proper.

## FOURTH COUNT

40.     Plaintiff, Travelers repeats and realleges each and every allegation contained in the above paragraphs of the Complaint as if set forth herein in their entirety.

41.     Travelers, in its capacity as surety for Trataros, itself incurred losses of well over $2 million, at least a portion of which is attributable to the acts and/or omissions of DASNY.

42.     Travelers is entitled to recover such amount from DASNY.

**WHEREFORE**, Plaintiff hereby requests judgment against DASNY for:

   a.   Compensatory damages;

   b.   Consequential and incidental damages;

   c.   Attorneys fees;

   d.   Interest;

e.  Costs;

f.  Such other relief as the Court deems just and proper.

## FIFTH COUNT

43. Plaintiff, Travelers, repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if set forth herein in their entirety.

44. Defendant, TDX, was the Construction Manager retained by DASNY with respect to the project in question.

45. TDX did not properly perform its responsibilities as Construction Manager. Rather than help alleviate the problems identified in paragraph 24 and/or reduce their impact, TDX contributed to delays/problems with respect to the project.

46. The actions and/or failures to act of TDX constituted negligence.

47. The negligence of defendant TDX contributed in a material respect to the damages incurred by Travelers as well as Trataros and by its subcontractors to which reference is made above.

48. Travelers has standing to assert claims as against TDX either as a result of the assignment from Trataros; equitable subrogation with respect to the rights of claimants, the obligees, and/or the principal; third-party beneficiary rights in connection with TDX's contract with DASNY, and/or as a party whose connection to TDX is so close as to approach privity.

49. Defendant, TDX is liable to Travelers for the damages incurred by Travelers and by Trataros as well as the damages incurred by the subcontractors and/or suppliers of Trataros.

**WHEREFORE**, Plaintiff hereby requests judgment against TDX Corp for:

a.  Compensatory damages;

b.  Consequential and incidental damages;

c.  Attorneys fees;

d.  Interest;

e.  Costs;

f.  Such other relief as the Court deems just and proper.

## SIXTH COUNT

50. Plaintiff, Travelers, repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as if set forth herein in their entirety.

51. Defendant, KPF was the architect retained by DASNY with respect to the project in question.

52. Defendant, KPF did not properly perform its responsibility as architect and, rather than help alleviate the problems identified in paragraph 24 and/or reduce their impact, contributed to delays/problems with respect to the project.

53. Travelers has standing to assert claims as against Defendant KPF either as a result of the assignment from Trataros, equitable subrogation with respect to the rights of claimants, the obligee, and/or the principal; pursuant to third-party beneficiary rights in connection with KPF's contract with DASNY and or as a party whose connection to KPF is so close as to approach privity.

54. The actions and/or failures to act of KPF constituted negligence.

55. The negligence of defendant KPF contributed in a material respect to the damages incurred by Travelers as well as Trataros and by its subcontractors to which reference is made above.

56. Defendant, KPF is liable to Travelers for the damages incurred by Travelers and by Trataros as well as the damages incurred by the subcontractors and/or suppliers of Trataros.

**WHEREFORE**, Plaintiff hereby requests judgment against Defendant KPF for:

a.  Compensatory damages;

b.  Consequential and incidental damages;

c.  Attorneys fees;

d.  Interest;

e.  Costs;

f.  Such other relief as the Court deems just and proper.

Respectfully submitted,
DREIFUSS BONACCI & PARKER, LLP

By: _____
DAVID C. DREIFUSS (DD:1180)
*Attorneys for Plaintiff,*
*Travelers Casualty and Surety Company as*
*Administrator for Reliance Insurance Company*
One Penn Plaza, 38th Floor
New York, New York  10119

*and*

26 Columbia Turnpike
North Entrance
Florham Park, New Jersey  07932
973-514-1414
*Please respond to New Jersey office*

G:\FPDATA\Clients\Travelers\Trataros\Baruch\Complaint.doc