UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY as Administrator for RELIANCE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>     vs<br><br>THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK, TDX CONSTRUCTION CORP. and KOHN, PEDERSON, FOX & ASSOCIATES, P.C.,<br><br>       Defendants.<br><br>DORMITORY AUTHORITY OF THE STATE OF NEW YORK,<br><br>       Third-Party Plaintiff,<br><br>     vs<br><br>TRATAROS CONSTRUCTION, INC. and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>       Third-Party Defendants | Civil Action No.: 04 Civ. 5101 (HB)<br><br>**TRATAROS AND TRAVELERS' ANSWER TO DEFENDANT THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK'S THIRD-PARTY COMPLAINT** |

  Third-Party Defendant, Trataros Construction, Inc. (hereinafter referred to as "Trataros") and Plaintiff/Third-Party Defendant, Travelers Casualty and Surety Company (hereinafter referred to as "Travelers"), by its attorneys, Dreifuss Bonacci & Parker, LLP as and for its answer to the Third-Party Complaint of Third-Party Plaintiff, The Dormitory Authority of the State of New York (hereinafter "DASNY" or "Third-Party Plaintiff"), alleges:

*Parties, Jurisdiction and Venue*

  1.  Third-Party Defendants Travelers and Trataros are without knowledge or

information sufficient to form a belief with respect to DASNY's principal place of business and leaves Third-Party Plaintiff to its proofs.

2. Third-Party Defendant Trataros admits that it was organized and existed under the laws of the State of New York and at all relevant times during the project maintained a principal place of business in Brooklyn, New York. Plaintiff/Third-Party Defendant Travelers is without knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 2 of the Third-Party Complaint.

3. Plaintiff/Third-Party Defendant Travelers admits the allegations contained in Paragraph 3 of the Third-Party Complaint. Third-Party Defendant Trataros is without knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 3 of the Third-Party Complaint.

4. Third-Party Defendants Travelers and Trataros admit the allegations contained in Paragraph 4 of the Third-Party Complaint.

5. Third-Party Defendants Travelers and Trataros admit the allegations contained in Paragraph 5 of the Third-Party Complaint.

*Facts*

6. Third-Party Defendants Travelers and Trataros are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Third-Party Complaint and leave Third-Party Plaintiff to its proofs.

7. Third-Party Defendants Travelers and Trataros are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Third-Party Complaint and leave Third-Party Plaintiff to its proofs.

8. Third-Party Defendant Trataros admits that on or about April 22, 1998, DASNY

awarded a construction contract in the amount of $50,222,000.00 to Trataros referred to as "Baruch College-Site B Package No. 1-General Construction Work, Contract No. 15, DA # 6500 1802 2176". Third-Party Defendant Trataros is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs. Plaintiff/Third-Party Defendant Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs. Third-Party Defendants Travelers and Trataros beg leave to refer to the original Contract No. 15 at the trial of this action for all the terms, conditions, and limitations set forth therein.

9. Third-Party Defendants Travelers and Travelers admit that as a prerequisite to being awarded the contract, Trataros was required to and did procure performance and payment bonds with a penal sum of $50,222,000.00 each naming DASNY as the obligee and Trataros as the principal. Third-Party Defendants Travelers and Trataros are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Third-Party Complaint and leave Third-Party Plaintiff to its proofs. Third-Party Defendants Travelers and Trataros beg leave to refer to the original labor and material payment bond and performance bond at the trial of this action for all the terms, conditions and limitations set forth therein.

10. Third-Party Defendant Trataros admits that on or about August 27, 1998 DASNY awarded a construction contract in the amount of $24,140,000.00 to Trataros referred to as "Baruch College-Site B Package No. 2-General Construction Work, Contract No. 16, DA # 6500 1802 2178". Third-Party Defendant Trataros is without knowledge or information sufficient to

3

form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.  Plaintiff/Third-Party Defendant Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs. Third-Party Defendants Travelers and Trataros beg leave to refer to the original Contract No. 16 at the trial of this action for all the terms, conditions, and limitations set forth therein.

11.     Third-Party Defendants Travelers and Trataros admit that as a prerequisite to being awarded contract No. 16, Trataros was required to and did procure performance and payment bonds with a penal sum of $24,140,000.00 each naming DASNY as the obligee and Trataros as the principal.  Third-Party Defendants Travelers and Trataros are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Third-Party Complaint and leave Third-Party Plaintiff to its proofs.  Third-Party Defendants Travelers and Trataros beg leave to refer to the original labor and material payment bond and performance bond at the trial of this action for all the terms, conditions, and limitations set forth therein.

12.     Plaintiff/Third-Party Defendant Travelers refers DASNY to paragraphs 13-14 of Travelers' Complaint in this action and incorporates them herein.  Anything contained in Paragraph 12 of the Third-Party Complaint inconsistent therewith is hereby denied.  Third-Party Defendant Trataros is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Third-Party Complaint and leave Third-Party Plaintiff to its proofs.

13.     Third-Party Defendant Trataros admits the allegations contained in Paragraph 13

of the Third-Party Complaint. Upon information and belief, Plaintiff/Third-Party Defendant Travelers admits the allegations contained in Paragraph 13 of the Third-Party Complaint.

**I.**  *Project Delays*

14.  Third-Party Defendants Travelers and Trataros are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Third-Party Complaint and leave Third-Party Plaintiff to its proofs.

15.  Third-Party Defendants Travelers and Trataros are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Third-Party Complaint and leave Third-Party Plaintiff to its proofs.

16.  Third-Party Defendants Travelers and Trataros beg leave to refer to the original Contracts No. 15 and 16 at the trial of this action for all the terms, conditions and limitations set forth therein. Third-Party Defendants Travelers and Trataros deny any and all allegations contained in Paragraph 16 of the Third-Party Complaint to the extent said allegations are inconsistent therewith.

17.  Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 17 of the Third-Party Complaint.

18.  Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 18 of the Third-Party Complaint.

19.  Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 19 of the Third-Party Complaint.

20.  Third-Party Defendants Travelers and Trataros admit that Trataros submitted a claim to DASNY seeking additional compensation and extension of time due to delays, disruptions, impacts and inefficiencies. Third-Party Defendants Travelers and Trataros are

without knowledge or information sufficient to form a belief as to whether other prime contractors submitted similar claims to DASNY, and leave Third-Party Plaintiff to its proofs. Third-Party Defendants Travelers and Trataros deny all remaining allegations contained in Paragraph 20 of the Third-Party Complaint that are inconsistent herewith.

21. Third-Party Defendants Travelers and Trataros admit that some of Trataros' subcontractors and suppliers have submitted claims, arising from delays, disruptions, impacts and inefficiencies caused by DASNY and/or its agents and representatives, to Trataros and that Trataros has passed these claims through to DASNY for payment. Third-Party Defendants Travelers and Trataros deny all other allegations contained in paragraph 21 of the Third-Party Complaint to the extent inconsistent herewith.

22. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 22 of the Third-Party Complaint.

**II.** *Construction Defects*

23. Third-Party Defendant Trataros denies the allegations contained in Paragraph 23 of the Third-Party Complaint as it is written. Upon information and belief, Plaintiff/Third-Party Defendant Travelers denies the allegations contained in Paragraph 23 of the Third-Party Complaint as it is written. Third-Party Defendant Trataros admits that annexed to Contracts No. 15 and 16 were specifications that set forth certain technical requirements for both the performance of the work and the types of materials, and begs leave to refer to said contracts at the time of trial for all the terms, conditions, and limitations set forth therein. Third-Party Defendants Travelers and Trataros deny any allegations contained in Paragraph 23 of the Third-Party Complaint which are inconsistent therewith.

24. Third-Party Defendants Travelers and Trataros admit that Trataros agreed to

6

perform its work in accordance with the terms and conditions set forth in Contract No. 15 and 16 and beg leave to refer to said contracts at the time of trial for all the terms, conditions, and limitations set forth therein. Third-Party Defendants Travelers and Trataros are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Third-Party Complaint and leave Third-Party Plaintiff to its proofs.

25. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 25 of the Third-Party Complaint.

26. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 26 of the Third-Party Complaint.

27. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 27 of the Third-Party Complaint.

28. Third-Party Defendant Trataros admits that certain construction documents for the project specified epoxy terrazzo for certain parts of the interior flooring of the project. Plaintiff/Third-Party Defendant Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs. Third-Party Defendants Trataros and Travelers beg leave to refer to the original Contracts No. 15 and 16 at the trial of this action for all the terms, conditions and limitations set forth therein.

29. Plaintiff/Third-Party Defendant Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs. Third-Party Defendant Trataros admits that part of the scope of work assigned to it under Contract No. 16 involved

7

epoxy terrazzo flooring, and that Trataros sub-contracted that work to certain subcontractors including G.M. Crocetti, Inc. Third-Party Defendants Travelers and Trataros beg leave to refer to the original Contracts No. 15 and 16 at the time of trial of this action for all the terms, conditions, and limitations set forth therein. Third-Party Defendants Travelers and Trataros deny any allegations in Paragraph 29 of the Third-Party Complaint that are inconsistent therewith.

30. Third-Party Defendants Travelers and Trataros are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Third-Party Complaint and leave Third-Party Plaintiff to its proofs.

31. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 31 of the Third-Party Complaint.

32. Third-Party Defendants Travelers and Trataros are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Third-Party Complaint and leave Third-Party Plaintiff to its proofs.

33. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 33 of the Third-Party Complaint.

## **FIRST CAUSE OF ACTION**
(Contractual Indemnification)

34. Third-Party Defendants Travelers and Trataros repeat and reallege each and every allegation contained in paragraphs 1 through 33 above as though same were set forth at length herein.

35. Third-Party Defendants Travelers and Trataros neither admit nor deny the allegations contained in Paragraph 35 of the Third-Party Complaint as said allegations set forth a legal conclusion to which no response is required. Third-Party Defendants Travelers and Trataros beg leave to refer to Contracts No. 15 and 16 for all the terms, conditions and

limitations set forth therein. To the extent that a response is required, Third-Party Defendants Travelers and Trataros are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Third-Party Complaint and leave Third-Party Plaintiff to its proofs.

36. Plaintiff/Third-Party Defendant Travelers begs leave to refer to the third count of its Complaint in this action and incorporates same as an answer to the allegations contained in paragraph 36 of the Third-Party Complaint. Anything contained in Paragraph 36 of the Third-Party Complaint inconsistent therewith is hereby denied by Plaintiff/Third-Party Defendant Travelers. Paragraph 36 contains no allegations directed against Third-Party Defendant Trataros to which a response by Third-Party Defendant Trataros is necessary.

37. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 37 of the Third-Party Complaint.

38. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 38 of the Third-Party Complaint.

39. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 39 of the Third-Party Complaint.

## SECOND CAUSE OF ACTION
(Common Law Indemnification)

40. Third-Party Defendants Travelers and Trataros repeat and reallege each and every allegation contained in 1 through 39 above as though the same were set forth at length herein.

41. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 41 of the Third-Party Complaint.

42. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 42 of the Third-Party Complaint.

43. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 43 of the Third-Party Complaint.

### THIRD CAUSE OF ACTION
(Contribution)

44. Third-Party Defendants Travelers and Trataros repeat and reallege each and every allegation in paragraphs 1 through 43 above as through same were set forth at length herein.

45. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 45 of the Third-Party Complaint.

46. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 46 of the Third-Party Complaint.

47. Third-Party Defendants Travelers and Trataros neither admit nor deny the allegations contained in Paragraph 47 of the Third-Party Complaint as they set forth a legal conclusion to which no response is required.

### FOURTH CAUSE OF ACTION
(Breach of Contract Against Trataros and Travelers – Delays, Disruptions and Impacts)

48. Third-Party Defendants Travelers and Trataros repeat and reallege each and every allegation in paragraphs 1 through 47 above as through same were set forth at length herein.

49. Third-Party Defendants Travelers and Trataros admit that Trataros entered into written contracts with DASNY referred to as Contracts No. 15 and 16 for certain work on the project, and beg leave to refer to the terms of the contracts themselves for the terms and conditions contained therein.  Third-Party Defendants Travelers and Trataros deny any allegations contained in paragraph 49 of the Third-Party Complaint to the extent that said allegations are inconsistent with the terms contained therein.   To the extent that the allegations

contained in paragraph 49 of the Third-Party Complaint call for a legal conclusion, Third-Party Defendants Travelers and Trataros neither admit nor deny said allegations as no response is required.

50. Third-Party Defendants Travelers and Trataros neither admit nor deny the allegations contained in Paragraph 50 of the Third-Party Complaint as said allegations set forth a legal conclusion to which no response is required. Third-Party Defendants Travelers and Trataros beg leave to refer to the terms of the contracts themselves for the terms and conditions contained therein. Third-Party Defendants Travelers and Trataros deny any allegations contained in paragraph 50 of the Third-Party Complaint to the extent that said allegations are inconsistent with the terms contained therein. To the extent that further response is required, Third-Party Defendants Travelers and Trataros deny any and all remaining allegations contained in Paragraph 50 of the Third-Party Complaint.

51. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 51 of the Third-Party Complaint.

52. Third-Party Defendants Travelers and Trataros neither admit nor deny the allegations contained in Paragraph 52 of the Third-Party Complaint as said allegations set forth a legal conclusion to which no response is required. Third-Party Defendants Travelers and Trataros beg leave to refer to the terms of the performance bond for Contract No. 15 and 16 for the terms, conditions, and limitations set forth therein. To the extent that further response is required, Plaintiff/Third-Party Defendant Travelers admits that it issued a performance bond on behalf of Trataros and in favor of DASNY relating to the project. Third-Party Defendants Travelers and Trataros deny any and all remaining allegations contained in Paragraph 52 of the Third-Party Complaint.

53. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 53 of the Third-Party Complaint.

**FIFTH CAUSE OF ACTION**
(Breach of Contract Against Trataros and Travelers – Construction Defects)

54. Third-Party Defendants Travelers and Trataros repeat and reallege each and every allegation in paragraphs 1 through 53 above as through same were set forth at length herein.

55. Third-Party Defendants Travelers and Trataros admit that Trataros entered into written contracts with DASNY referred to as Contracts No. 15 and 16 for certain work on the project, and beg leave to refer to the terms of the contracts themselves for the terms and conditions contained therein. Third-Party Defendants Travelers and Trataros deny any allegations contained in paragraph 55 of the Third-Party Complaint to the extent that said allegations are inconsistent with the terms contained therein. To the extent that the allegations contained in paragraph 55 of the Third-Party Complaint call for a legal conclusion, Third-Party Defendants Travelers and Trataros neither admit nor deny said allegations as said allegations set forth a legal conclusion to which no response is required.

56. Third-Party Defendants Travelers and Trataros neither admit nor deny the allegations contained in Paragraph 56 of the Third-Party Complaint as said allegations set forth a legal conclusion to which no response is required. Third-Party Defendants Travelers and Trataros beg leave to refer to the terms of the contracts themselves for the terms and conditions contained therein. Third-Party Defendants Travelers and Trataros deny any allegations contained in paragraph 56 of the Third-Party Complaint that are inconsistent with the terms contained therein. To the extent that further response is required, Third-Party Defendants Travelers and Trataros deny any and all remaining allegations contained in Paragraph 56 of the

12

Third-Party Complaint.

57. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 57 of the Third-Party Complaint.

58. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 58 of the Third-Party Complaint.

59. Third-Party Defendants Travelers and Trataros neither admit nor deny the allegations contained in Paragraph 52 of the Third-Party Complaint as said allegations set forth a legal conclusion to which no response is required. Third-Party Defendants Travelers and Trataros beg leave to refer to the terms of the performance bond for Contract No. 15 and 16 for the terms, conditions, and limitations set forth therein. To the extent that a response is required, Plaintiff/Third-Party Defendant Travelers admits that it issued a performance bond on behalf of Trataros and in favor of DASNY relating to the project. Third-Party Defendants Travelers and Trataros deny any and all remaining allegations contained in Paragraph 52 of the Third-Party Complaint.

60. Third-Party Defendants Travelers and Trataros deny allegations contained in Paragraph 60 of the Third-Party Complaint.

**SIXTH CAUSE OF ACTION**
(Breach of Contract by Travelers)

61. Third-Party Defendants Travelers and Trataros repeat and reallege each and every allegation in paragraphs 1 through 60 above as through same were set forth at length herein.

62. Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 62 of the Third-Party Complaint.

63. Third-Party Defendants Travelers and Trataros deny the allegations contained in

13

Paragraph 63 of the Third-Party Complaint.

64.     Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 64 of the Third-Party Complaint.

65.     Third-Party Defendants Travelers and Trataros deny the allegations contained in Paragraph 65 of the Third-Party Complaint.

**WHEREFORE**, Plaintiff/Third-Party Defendant, Travelers Casualty and Surety Company, and Third-Party Defendant, Trataros Construction, Inc., demand judgment on all counts against Third-Party Plaintiff, The Dormitory Authority of the State of New York, specifically:

        a.     dismissal of the Third-Party Complaint with prejudice;

        b.     attorneys fees and costs; and

        c.     all other relief that the Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

### *First Affirmative Defense*

The Third-Party Complaint fails to state a cause of action against Travelers and Trataros.

### *Second Affirmative Defense*

The claims asserted by DASNY against Third-Party Defendants Travelers and Trataros in the Third-Party Complaint are barred by the doctrine of laches.

### *Third Affirmative Dfefense*

The allegations asserted against Travelers and Trataros in the Third-Party Complaint are barred by the applicable Statute of Limitations.

### *Fourth Affirmative Defense*

The allegations asserted against the Third-Party Defendants in the Third-Party Complaint

are barred by limitations contained in the terms of the bonds issued by Travelers on behalf of Trataros as well as by applicable surety law.

### *Fifth Affirmative Defense*

The claims asserted by DASNY against Third-Party Defendants Travelers and Trataros in the Third-Party Complaint are barred by the doctrine of estoppel.

### *Sixth Affirmative Defense*

The claims asserted by DASNY against Third-Party Defendants Travelers and Trataros in the Third-Party Complaint are off-set by the Third-Party Defendants' respective rights of set off.

### *Seventh Affirmative Defense*

DASNY lacks standing to pursue claims against Third-Party Defendants Travelers and Trataros.

### *Eighth Affirmative Defense*

Any damages allegedly sustained by DASNY were caused in whole or in part by DASNY's own culpable conduct, as a result of which DASNY's claims are therefore barred or diminished in the proportion that such conduct caused their alleged damages.

### *Ninth Affirmative Defense*

The claims are barred by DASNY's failure to abide by the terms and conditions of the applicable performance and payment bonds by virtue of the wording of the bonds themselves including but not limited to notice provisions.

### *Tenth Affirmative Defense*

The claims asserted by DASNY against Third-Party Defendants Travelers and Trataros in the Third-Party Complaint are barred by the doctrine of unclean hands.

### *Eleventh Affirmative Defense*

The claims asserted by DASNY against Third-Party Defendants Travelers and Trataros in the Third-Party Complaint are barred by the doctrine of avoidable consequences.

### *Twelfth Affirmative Defense*

The claims asserted by DASNY against Third-Party Defendants Travelers and Trataros in the Third-Party Complaint are barred by the doctrine of election of remedies.

### *Thirteenth Affirmative Defense*

The claims asserted by DASNY against Third-Party Defendants Travelers and Trataros in the Third-Party Complaint are barred by the doctrine of public policy.

### *Fourteenth Affirmative Defense*

The claims asserted by DASNY against Third-Party Defendants Travelers and Trataros in the Third-Party Complaint are barred by the Statue of Frauds.

### *Fifteenth Affirmative Defense*

The claims asserted by DASNY against Third-Party Defendants Travelers and Trataros in the Third-Party Complaint are barred by the doctrine of accord and satisfaction.

### *Sixteenth Affirmative Defense*

The claims asserted by DASNY against Third-Party Defendants Travelers and Trataros in the Third-Party Complaint are barred by the doctrine of Doctrine of waiver.

### *Seventeenth Affirmative Defense*

The claims asserted by DASNY against Third-Party Defendants Travelers and Trataros in the Third-Party Complaint are barred by the doctrine of release.

*Eighteenth Affirmative Defense*

Plaintiff/Third-Party Defendant Travelers' liability, if any, is discharged by the "cardinal change" doctrine of suretyship.

*Nineteenth Affirmative Defense*

The claims asserted against Travelers and Trataros in the Third-Party Complaint are barred by DASNY's failure to abide by the terms and conditions of the applicable contracts.

*Twentieth Affirmative Defense*

Plaintiff/Third-Party Defendant Travelers reserves the right to rely upon any and all additional defenses available to all co-defendants, Third-Party Defendants, and other parties to the above-captioned litigation.

*Twenty-First Affirmative Defense*

DASNY's claims are barred for having failed to exhaust their administrative remedies.

*Twenty-Second Affirmative Defense*

Third-Party Defendants reserve the right to rely upon any and all additional defenses as discovery progresses in the within litigation.

Dated: Florham Park, NJ
       November 24, 2004

**DREIFUSS BONACCI & PARKER, LLP**

By:    /S/
GUIDO WEBER (GW:1692)
*Attorneys for Third-Party Defendants,*
  *Trataros Construction, Inc. and Travelers*
  *Casualty and Surety Company*
One Penn Plaza, 36th Floor
New York, New York  10119

   *and*
26 Columbia Turnpike
North Entrance
Florham Park, New Jersey  07932
973-514-1414
*Please respond to New Jersey office*

TO:   Thomas V. Giordano, Esq.
      Zetlin & DeChiara, LLP
      801 Second Avenue
      New York, New York 10017
      *Attorneys for Defendant,*
        *Kohn, Pederson, Fox & Associates, P.C.*

      Stephen B. Shapiro, Esq.
      Holland & Knight, LLP
      195 Broadway
      New York, New York 10007
      *Attorneys for Defendant,*
        *Dormitory Authority of the State of New York*

      Gary L. Rubin, Esq.
      Mazur, Carp & Rubin, P.C.
      1250 Broadway, 38th Floor
      New York, New York 10001
      *Attorneys for Defendant,*
        *TDX Construction Corp.*

G:\Clients\Travelers\Trataros\DASNY\Answer to Third-party complaint.doc